IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS E. PEREZ, | ) | |
| SECRETARY OF LABOR, | ) | |
| UNITED STATES DEPARTMENT OF LABOR, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:15-CV-03013-JMG-CRZ |
| | ) | |
| BM HOTELS, INC., BONEY CORP., | ) | |
| NANA CORP., JM HOTELS, INC., | ) | |
| VARAHA, INC., VYARA INC., and | ) | |
| MUKESH PATEL, an individual, | ) | |
| Defendants. | ) | |

## CONSENT JUDGMENT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, having filed his complaint alleging that BM Hotels, Inc., Boney Corp., NANA Corp., JM Hotels, Inc., Varaha, Inc., Vyara, Inc., and Mukesh Patel, an individual (collectively the "Defendants"), violated the Fair Labor Standards Act of 1938 (the "Act"), as amended, 29 U.S.C. § 201 *et seq.*, and Defendants having agreed to the entry of this judgment without contest;

It is, therefore, upon motion of counsel for the Plaintiff, and for good cause shown:

**ORDERED, ADJUDGED, AND DECREED** that Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of the Fair Labor Standards Act of 1938, in any of the following manners:

1. Defendants shall not, contrary to sections 6 and 15(a)(2) of the Act (29 U.S.C. § 206(a)(1) and 215(a)(2)), fail to pay to their employees engaged in commerce or in the production of goods for commerce or employed in their enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour, or any rate subsequently made applicable by amendment to the Act.

2. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act (29 U.S.C. § 207(a)(1) and 215(a)(2)), employ any of their employees in commerce or in the production of goods for commerce or in their enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendants shall not, contrary to sections 11(c) and 15(a)(5) of the Act (29 U.S.C. § 211(c) and 215(a)(5)), fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the Act (29 C.F.R. Part 516).  Defendants shall make such records available at all reasonable times to representatives of the Plaintiff upon reasonable notice.

4. Defendants shall not, contrary to section 15(a)(3) of the Act (29 U.S.C. § 215(a)(3)), discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

5. Plaintiff shall recover from Defendants the sum of $400,000.00 in unpaid minimum wages, overtime compensation, and liquidated damages for work performed by the employees named in the Appendix, attached hereto, during the period from February 1, 2012, to January 31, 2014.

6. Within thirty days (30) days of the date of this judgment, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, a certified or cashier's check made payable to "Wage and Hour – Labor" in the amount of $283,519.98. Defendants shall furnish with the check their federal tax identification numbers and the social security number and last known address for each employee identified in the Appendix attached hereto. Ninety days (90) thereafter, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, P.O. Box 2638, Chicago, Illinois 60690-2638, a certified or cashier's check made payable to "Wage and Hour – Labor" in the amount of $116,480.02.

7. Upon receipt of full payment from Defendants, Plaintiff's counsel shall file with the Court a certificate of payment and representatives of Plaintiff shall distribute such amounts less appropriate deductions for federal income withholding taxes and the employee's share of the Social Security (F.I.C.A.) tax to the employees or their representative as their interests may appear, in accordance with the provisions of section 16(c) of the Act. Defendants remain responsible for the employers' share of F.I.C.A. arising from or related to the back wages distributed by Plaintiff.

8. Any funds not distributed within a period of three years from the date of this Judgment because of inability to locate the proper persons or because of such person's refusal to accept the sums sought to be distributed shall be deposited into the Treasury of the United States.

9. Failure by Defendants to make complete payment as required by the terms of this judgment shall cause any remaining balance to become immediately due and payable by Defendants. Any unpaid balance is a debt owing to the United States and is subject to the Debt Collection Act of 1982 (Public Law 97-365) and the Debt Collection Improvement Act of 1996, 31 U.S.C. §§ 3701-3719.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

10. Defendants shall not request, solicit, suggest, or coerce, directly or indirectly, any current or former employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this Judgment or the Act; nor shall Defendants accept, or retrieve from any employee, either directly or indirectly, any money, whether in the form of cash, check , or any other form, heretofore or hereafter paid to said employee under the provisions of this Judgment or the Act; nor shall Defendants discharge or in any other manner discriminate against, nor solicit or encourage anyone else to discriminate against, any such employee because such employee has received or retained money due to him from Defendants under the provisions of this Judgment or the Act; nor shall Defendants raise an employee's immigration status as a defense to the payment of back wages in any suit alleging such retaliation.

11. Defendants shall make available to employees at each of their hotel businesses, a copy of the most recently revised U.S. Department of Labor Wage and Hour Division publication entitled "Handy Reference Guide to the Fair Labor Standards Act" (WH1282).

12. Defendants shall notify each employee, in writing, of his or her classification as either exempt or not exempt from the Act's minimum wage and overtime pay provisions, pursuant to section 13(a)(1) of the Act and as defined by the Regulations at 29 C.F.R. Part 541. Along with each written classification notice to an employee, Defendants shall also provide a copy of the most recently revised U.S. Department of Labor Wage and Hour Division publication entitled "Fact Sheet #17A: Exemption for Executive, Administrative, Professional, Computer & Outside Sales Employees Under the Fair Labor Standards Act (FLSA)."

13. Defendants shall track and record all hours worked by all nonexempt employees, including employees who reside on the employers' premises on a permanent basis or for an extended period of time, using the following method: a format that accurately records for each day of work, the day of week worked, the date worked, the time of day on which the work began, the time of day on which the work ended, and the total hours worked.

14. Defendants shall make, keep and preserve contemporaneous records of all cash wage payments to employees.

15. With respect to each employee from whom Defendants make deductions from wages for "board, lodging, or other facilities," as these terms are used in section 3(m) of the Act, or to whom Defendants furnish "board, lodging, or other facilities" as an addition to wages, Defendants shall maintain and preserve payroll or other records that contain the following information:

a. A symbol, letter or other notation placed on the pay records, identifying each employee whose wages are determined and paid in part by board, lodging, or other facilities.

   b. The amount per hour which the employee is paid in the form of board, lodging, or other facilities.

16. With respect to each employee who resides on the employers' premises on a permanent basis or for an extended period of time and with whom one or more of the Defendants enters into a voluntary agreement determining compensable hours worked, Defendants shall maintain and preserve a written copy of the voluntary agreement as part of its recordkeeping obligations. If the written agreement excludes any amount of time from compensable hours worked, then the agreement shall take into consideration all of the pertinent facts, including the amount of time spent during bona fide meal periods, sleep periods and off-duty time. Any written agreements between Defendants and their employees do not affect Defendants' existing obligations under the Act.

17. Defendants shall make available to Wage and Hour Division representatives, upon request and after reasonable notice, all records required to be made, kept and preserved under the Act.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

18. Nothing in this judgment precludes Plaintiff from enforcing violations of the Act against Defendants that occurred at times or locations other than those described in Plaintiff's Complaint.

19. Nothing in this judgment affects the rights of any current or former employees of Defendants with respect to any claimed violations of the Act for time periods or locations other than those described in Plaintiff's Complaint.

20. Each party shall bear his or its own costs, fees, and other expenses incurred by such party in connection with any stage of these proceedings.

21. This Court shall retain jurisdiction of this matter for 120 days purposes of construction, modification, and enforcement of this Judgment, or until final payment is made.

**IT IS SO ORDERED** this 18th day of February, 2016.

_____
John M. Gerrard
United States District Court Judge